Alton J. HOUSTON, Plaintiff-Appellee, Cross-Appellant,

v.

UNITED STATES POSTAL SERVICE, et al., Defendants-Appellants, Cross-Appellees.

No. 85–3639.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1987.

Rehearing and Rehearing En Banc Denied Sept. 23, 1987.

Nancy A. Nungesser, Asst. U.S. Atty., New Orleans, La., Joan Bernott, Washington, D.C., Boggs, Loehn & Rodrigue, New Orleans, La., for U.S. Postal Service.

Adolph J. Levy, Thomas A. Gennusa, II, New Orleans, La., for Houston.

Before WISDOM, JOHNSON and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

The question in this Federal Tort Claims Act case is whether the district court had jurisdiction to try Alton Houston's suit against the United States. We hold that the lower court lacked jurisdiction and accordingly reverse the judgment below and dismiss the case.

### Facts and Proceedings Below

When the events giving rise to this suit occurred, Alton Houston was a laborer for the New Orleans Sewerage and Water Board. On January 27, 1976, he was sitting in a large city truck parked in a crowded New Orleans street when a United States Postal Service (USPS) van, clearly marked as such, collided with the mirror of the city truck. Except for the shattered mirror, the truck was not damaged.

According to Houston, this impact caused him a variety of injuries, including back problems and alcohol dependency. These injuries reduced his earning potential. The district court found in Houston's favor and held the United States liable for $121,887.20.

The procedural history of the case is quite important. On January 27, 1977, one year after the collision, Houston sued the United States; Joseph Howard, the driver of the postal van; and the USPS in Louisiana court. Pursuant to his direction, process was not issued or served.

Just under two years after the accident, on January 17, 1978, Houston filed an administrative claim with the USPS. As we will explain, the filing of such an administrative claim within two years after its accrual was required by the Federal Tort Claims Act (FTCA) (codified at 28 U.S.C. §§ 1346(b), 1402(b), 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680). About three months after this claim was filed, the USPS notified Houston's attorney of its denial. That notification letter, dated April 26, 1978, stated, "[I]f your client is dissatisfied with the final action on his clain [*sic*], he may file suit in an appropriate United

States District Court *not later than six months from the date of this letter."* (Emphasis added.) The six-month limitations period explained in the letter is codified at 28 U.S.C. § 2401(b). Houston's counsel stated during oral argument in this court that the denial letter was not "diaried" on a "prescription card" at his law firm. Because of this oversight, it was not until April 23, 1980, *almost two years after the administrative denial,* that Houston for the first time caused process in his Louisiana court suit to be served on the defendants therein.

After being served, the United States removed the case to federal court, as authorized by 28 U.S.C. §§ 1441(a) and 1442(a)(1). (For some reason, the United States did not rely on the FTCA removal statute—28 U.S.C. § 2679(d).) The USPS and the United States moved to dismiss the case on grounds that the United States was the only proper defendant and Houston had not sued it within six months of the administrative denial of his claim.

The district court dismissed the USPS (and Howard), but denied the dismissal motion as to the United States. In a thorough opinion, the court reasoned that Houston's state court suit sufficed as timely compliance with the limitations requirement of the FTCA. Because the district court considered the state suit sufficient under the FTCA, it did not view Houston's long delay in serving process as a jurisdictional defect. After a bench trial that covered portions of three days, the court rendered judgment for Houston.

The United States appeals the judgment, asserting that the district court lacked jurisdiction to try the case due to Houston's alleged noncompliance with the FTCA limitations period. Houston cross-appeals, complaining that the district court's $25,000 award for pain and suffering is too low.

**Discussion**

Essentially, this case raises only two questions: (1) whether the FTCA's procedural requisites apply to a tort claim arising out of a collision with a government vehicle; and, (2) if the FTCA's procedural requirements apply, whether Houston complied with them. We answer "yes" to the first question and "no" to the second.

I.

■ "The United States, as sovereign, is immune from suit save as it consents to be sued ...." *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). In construing waivers of sovereign immunity, courts are not free to extend or narrow the waiver beyond what Congress intended. *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979). These familiar axioms undergird our analysis.

In various statutes through the years, Congress has carved into the immunity of the federal government. *See generally* Hulen, *Suits on Tort Claims Against the United States,* 7 F.R.D. 689, 689–90 (1948) (discussing, *inter alia,* the Tucker Act); Comment, *Administrative Claims and the Substitution of the United States as Defendant Under the Federal Drivers Act: The Catch 22 of the Federal Tort Claims Act?,* 29 Emory L.J. 755, 758 (1980) (citing several statutory examples of sovereign immunity waiver). An important such waiver occurred in 1946, when Congress passed the FTCA. *See* Hulen, 7 F.R.D. 689 (explaining the original version of the FTCA). The FTCA provides that the United States is liable for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a).[1]

---

**1.** The Postal Reorganization Act of 1970, codified as Title 39 of the United States Code, waives sovereign immunity "with respect to the Postal Service." *Franchise Tax Bd. of Calif. v. U.S. Postal Service,* 467 U.S. 512, 104 S.Ct. 2549, 2553, 81 L.Ed.2d 446 (1984) (footnote omitted). Section 409(c) of Title 39 states that "[t]he provi-

sions of chapter 171 [the FTCA] and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activites of the Postal Service."

In conditioning the waiver of immunity for the USPS on the provisions of the FTCA, the Congress ensured that "[a]ny tort claim against

The FTCA as originally enacted did not abolish the plaintiff's action against the negligent government employee. The plaintiff could "sue the employee by asserting his common law right against the tortfeasor or go against the government on the basis of *respondeat superior*." Note, *The Constitutionality and Basic Fairness of the Government Drivers Law*, 54 Minn.L. Rev. 645, 651–52 (1970) (footnotes omitted); *see also* Murdock, *The Federal Government as an Insured Under an Employee's Auto Insurance Policy*, 36 Mil.L.Rev. 91, 94 (April 1967) (noting that under the original FTCA the "plaintiff could always choose to ignore the FTCA remedy and sue the employee in an appropriate state court"); Comment, 29 Emory L.J. at 755 (1980) (same). Some government employees succeeded in procuring indemnification from the government through passage of private relief bills. S.Rep. No. 736, 87th Cong., 1st Sess., *reprinted in* 1961 U.S. Code Cong. & Ad. News 2784, 2794; Stevens, *Scope of Employment and the Government Motor Vehicle Operator*, JAG L.Rev. 13, 14 (Jan.-Feb. 1966). This procedure was expensive and time-consuming, and not all employees pursued it. In response to the problem, Congress in 1961 amended the FTCA by adding four subsections to 28 U.S.C. § 2679. Act approved September 21, 1961, Pub.L. No. 87–258, 75 Stat. 539 (1961). The amendment, known as the Federal Drivers Act (FDA), deprived plaintiffs whose injuries arose from the negligent operation of a government vehicle of any claim against the driver in his individual capacity. "The remedy *by suit* against the United States as provided by [28 U.S.C.] section 1346(b) ... shall hereafter be exclusive of any other civil action or proceeding ...." Section 2679(b) (1961 version) (emphasis added). The design and effect of the FDA was to relieve government drivers "from the hazard of personal liability stemming from driving motor ve-

hicles in the course of official duty." L. Jayson, *Handling Federal Tort Claims* § 175.03[1], at 6–17 and 6–18.4 (1986) (footnote citing cases omitted).

In 1966, Congress again extensively amended the FTCA. Act approved July 18, 1966, Pub.L. No. 89–506, 80 Stat. 306 (1966). The amendments imposed a requirement that all tort claimants seek administrative relief before turning to the courts. *See* 28 U.S.C. §§ 2401(b), 2675(a). Congress was motivated by a desire to reduce congestion in the courts and by statistics showing that most claims against the government were settled, thus suggesting that an administrative scheme could be very effective. S.Rep. No. 1327, 89th Cong., 2d Sess., *reprinted in* 1966 U.S. Code Cong. & Ad.News 2515, 2516–18; *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir.1980) (recognizing these as the reasons for the administrative exhaustion requirement); Comment, 29 Emory L.J. at 766. The FDA, subsumed in section 2679(b)-(d) of the FTCA, which had previously referred to the plaintiff's exclusive remedy "by suit" was changed to read, "The remedy against the United States provided by sections 1346(b) *and 2672 of this title* ... shall hereafter be exclusive ...." Section 2679(b) (emphasis added). Congress' substitution of the administrative remedies provision, section 2672, for the phrase "by suit" strongly suggests that Congress intended FDA cases to begin with an administrative claim, not a lawsuit. This interpretation is borne out by the legislative history, which states that this change in the FDA was designed to "make it conform" with the administrative exhaustion requirement. S.Rep. No. 1327, 89th Cong., 2d Sess., *reprinted in* 1966 U.S. Code Cong. & Ad.News 2515, 2521.

Houston argues that the amendment adds an administrative claim as a possible remedy, without eliminating the remedy by suit.[2] Admittedly, Congress could have

the USPS must be cognizable under the FTCA." *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir.1986) (per Wisdom, J.), *cert. denied*, —— U.S. ——, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987); *see Insurance Co. of N. America v. United States Postal Service*, 675 F.2d 756, 758 (5th Cir.1982).

Section 409(c) incorporates the FTCA, but it does not enlarge or diminish the terms of the FTCA.

**2.** Section 2679(b)-(d) obviously contemplates that lawsuits can be *filed* in state court against the individual, for a removal mechanism is pro-

made the matter clearer by incorporating section 2675(a) within the FDA. Section 2675(a) says, "An action shall not be instituted" until the administrative claim is denied. *See* Comment, 29 Emory L.J. at 782 (discussing this ambiguity in section 2679(b)). But the interpretation suggested by Houston underestimates Congress' *deletion* of the phrase "by suit" from section 2679(b) and, more importantly, Houston's interpretation would undermine the goals of efficient administrative settlement and reduced congestion in the courts that Congress sought to achieve by the 1966 amendments.

Finally, it would not be logical to assume that Congress imposed an administrative exhaustion requirement for all tort claims against the United States, except for claims arising from collisions with government vehicles. We see no distinction between the two types of claims, and nothing in the FTCA or its legislative history suggests that Congress did either. In sum, the statute's organization and language, considered in light of the problems that Congress sought to correct with the 1961 and 1966 amendments, lead us to conclude that FDA claims are subject to the administrative exhaustion requirements and limitations periods of the FTCA.

Our interpretation is consistent with the majority of cases discussing the FTCA in its post–1966 era. *See, e.g., Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (dismissing claim arising from collision with USPS vehicle for failure to file administrative claim within section 2401(b) limitations period); *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir.1982) (same); *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir.1971) (same); *Meeker v. United States*, 435 F.2d 1219, 1222 (8th Cir.1970) (same); *Wilkinson v. United States*, 677 F.2d 998, 1000 (4th Cir.) (affirming dismissal of claim arising from collision

with automobile driven by a serviceman while on duty because claimant failed to seek administrative relief), *cert. denied,* 459 U.S. 906, 103 S.Ct. 209, 74 L.Ed.2d 167 (1982); *Wollman v. Gross*, 637 F.2d 544 (8th Cir.1980) (affirming dismissal of claim arising from collision with automobile driven by employee of the Agricultural Stabilization and Conservation Service because plaintiff's claim for administrative relief was untimely), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *United States v. LePatourel*, 571 F.2d 405, 410 (8th Cir.1978) (reversing district court's refusal to dismiss claim arising from collision with vehicle driven by a federal judge because claimant failed to seek administrative relief), *modified to apply prospectively,* 593 F.2d 827 (8th Cir.1979) (en banc); *cf. Miller v. United States*, 741 F.2d 148, 150 (7th Cir.1984) (reversing the dismissal of claim arising from collision with USPS vehicle because within six months of the administrative denial state court suit against individual was filed and removed to federal court, thus timely making the United States a proper party); *McGowan v. Williams*, 623 F.2d 1239, 1242–43 (7th Cir. 1980) (reversing dismissal of claim because state suit against the individual, filed after administrative denial, met the FTCA's requirements even though case was not removed to federal court until after the limitations period expired).

Two cases—one from the Second Circuit, the other from the Ninth—are out of step with the majority view because they hold that a plaintiff can avoid the FTCA's procedural requirements by filing suit against the government driver in state court. *Staple v. United States*, 740 F.2d 766, 768 (9th Cir.1984); *Kelley v. United States*, 568 F.2d 259, 266 (2d Cir.), *cert. denied,* 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978); *see* L. Jayson, *supra*, § 175.03[2] at 6–27 (describing *Kelley* as the "minority

---

vided. But the fact that a claim can be filed does not mean that it can proceed to adjudication on the merits without first being presented for administrative consideration. The most obvious reason to permit suits to be filed against the driver is to toll the state limitations period so that plaintiff preserves his claim against the

negligent driver in the event it is later determined that the driver was not acting within the scope of his employment. *See McGowan v. Williams*, 623 F.2d 1239, 1242 (7th Cir.1980); 28 U.S.C. § 2679(d) (providing for remand to state court in such a case).

view"); Comment, 29 Emory L.J. at 775 (describing *Kelley* as "the first and only decision" to hold as it did; this was written prior to *Staple*). However, we must respectfully reject *Staple* and *Kelley* insofar as they permit a plaintiff who knows or should know that the negligent driver was a government employee to circumvent the FTCA's administrative exhaustion requirement by filing a state suit against only the driver. *See Harris v. Burris Chemical, Inc.*, 490 F.Supp. 968, 970 (N.D.Ga.1980) (noting that *Kelley* can be read to permit such a result and criticizing such a broad rule).

The facts of *Staple* illustrate the undesirability of such a rule. After a traffic accident with a USPS vehicle, Lillian Staple filed a state suit against the driver and the USPS. Then she filed an FTCA administrative claim, which was denied. More than a year after this denial, she served process in her state suit for the first time.[3] The United States certified that the driver was acting in the scope of his employment, removed the case, and sought dismissal on the ground that the plaintiff's state court suit preceded her request for administrative relief, and was thus untimely under section 2675. The district court granted the government's motion, but the Ninth Circuit reversed. That court held that the FTCA's administrative exhaustion requirements and the limitations period in which to file suit after administrative denial apply only to suits brought directly against the United States, and not to state suits brought against the driver. 740 F.2d at 769. The Ninth Circuit's holding exposed the United States to a claim that in no way complied with the prerequisites of the FTCA. We believe this is inconsistent with the congressional intent.

We prefer the approach taken by the Fourth Circuit in *Henderson v. United States*, 785 F.2d 121 (4th Cir.1986). The court rejected the contention that a state court suit against the individual satisfies the FTCA, and noted that whether plaintiff argues that a state suit against the driver

obviates the need for administrative exhaustion or suffices as an administrative claim, the practical effect is the same.

> "In neither instance is a claim presented by the claimant to the appropriate federal agency as required by law. Instead of our current, relatively straightforward system in which all claims must be presented to the relevant agency, we open a door for the multitude of plaintiffs' arguments that the administrative filing requirement was satisfied because the agency was aware of, or had notice of, their claims." 785 F.2d at 125.

*See also Meeker v. United States*, 435 F.2d 1219, 1221 (8th Cir.1970) (discussing the same issue and commenting, "We think that the purpose of the 1966 amendment to the Act establishing a statutory scheme for initial agency consideration of tort claims ... cannot be so easily defeated."). *Henderson* held that FDA claims are governed by the administrative exhaustion requirements and limitations periods of the FTCA.

Like other courts, we recognize the quandary in which a plaintiff may find himself if he has no reason to suspect that the defendant driver is a government employee. *See, e.g., Kelley*, 568 F.2d at 266; *McGowan v. Williams*, 623 F.2d 1239, 1243 (7th Cir.1980); *Driggers v. United States*, 309 F.Supp. 1377, 1379 (D.S.C.1970); *see also* Comment, 29 Emory L.J. 755, 768–69 (same). An unsuspecting plaintiff will sue only the individual driver and have no reason to pursue the requisite administrative remedies. Then, after the two-year limitations period has expired, the government may certify that the individual was acting in the scope of his employment, remove the case, and procure dismissal on the ground that plaintiff must first seek administrative relief. By that time it is too late for such relief and plaintiff is left without a remedy. Apprehension of such "sandbagging" underlies *Kelley's* holding that plaintiffs injured in collisions are not subject to the FTCA's administrative exhaustion require-

---

3. Exactly six months after the denial, Staple had filed a federal court suit against the driver and USPS; this suit was dismissed by the district court because the United States was not named a defendant. *See* 28 U.S.C. § 2679(a). Staple did not appeal the dismissal. 740 F.2d at 768.

ment. *See, e.g., Wollman,* 637 F.2d at 549 (distinguishing *Kelley* on this basis); *Reiser v. Di Pietro,* 78 F.R.D. 541, 542 (N.D.Ill. 1978) (same). In the present case, however, Houston was not ignorant of the fact that Howard was in the course of his employment for the USPS. The postal van was clearly marked as such, and Houston's knowledge is conclusively demonstrated by the fact that he sued the United States and USPS in state court and timely filed an FTCA administrative claim.[4]

▮ Therefore, we hold that before the United States is forced to defend a tort suit arising from a collision between a private vehicle and a government vehicle, the plaintiff—at least one who knows or should know that the driver was a government employee—must meet the FTCA's administrative exhaustion requirements and then timely commence suit against the government as provided by 28 U.S.C. § 2401(b).

## II.

Having concluded that Houston's claim was subject to the FTCA, we must ascertain whether he met the jurisdictional prerequisites of that statute. We hold that Houston did not comply with the FTCA.

The applicable limitations period is stated in 28 U.S.C. § 2401(b):

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

▮ Though phrased in the disjunctive, this statute requires a claimant to file an administrative claim within two years *and* file suit within six months of its denial. *Willis v. United States,* 719 F.2d 608, 612 (2d Cir.1983) (per Friendly, J.); *Dyniewicz v. United States,* 742 F.2d 484, 485 (9th Cir.1984); *Schuler v. United States,* 628 F.2d 199, 201 (D.C.Cir.1980); cf. *Reynolds v. United States,* 748 F.2d 291 (5th Cir. 1984) (dismissing amended complaint brought against United States after the expiration of the six-month period, even though plaintiff had timely filed an administrative claim).

▮ These limitations periods are jurisdictional. Equitable considerations that may waive or toll limitations periods in litigation between private parties do not have that same effect when suit is brought against the sovereign. *E.g., Goff v. United States,* 659 F.2d 560, 561 (5th Cir.1981). This is so because under the doctrine of sovereign immunity the government's exposure to liability can be no greater than it permits. Id.; *see also Gregory v. Mitchell,* 634 F.2d 199, 204 (5th Cir.1981) (filing of suit within six months of administrative denial is a jurisdictional requirement); *Carr v. Veterans Administration,* 522 F.2d 1355, 1357 (5th Cir.1975) (stating that because it is a waiver of sovereign immunity, the six-month filing requirement must be followed strictly); *Quinton v. United States,* 304 F.2d 234, 242 (5th Cir.1962) (Hutcheson, J., concurring) ("Section 2401(b) is not a statute of limitations, within the legal definition of that term, ... it imposes ... a jurisdictional prerequisite to recovery ...."); L. Jayson, *supra* § 275.02 (discussing the apparently unanimous view that section 2401(b) is a jurisdictional prerequisite). A recapitulation of the procedural history of this case shows why the district court had no jurisdiction.

---

4. Most courts reject the *Kelley* view that when plaintiff did not know that the driver worked for the United States he may ignore the FTCA's prerequisites. For example, in declining to follow *Kelley,* the Sixth Circuit stated, "There is no equitable exception to the jurisdictional prerequisites of the Federal Tort Claims Act in this Circuit and we decline to create one." *Rogers,* 675 F.2d at 124. *See also Dunaville v. Carnago,* 485 F.Supp. 545, 548 (S.D.Ohio 1980); *Fuller v.*

*Daniel,* 438 F.Supp. 928, 930 (N.D.Al.1977); *Driggers,* 309 F.Supp. at 1379; see *generally* Note, *Federal Tort Claims Act,* 49 Tex.L.Rev. 165 (1970) ("Since the FTCA requirements are jurisdictional in nature, the federal district courts are without authority to remedy the plaintiff's predicament."). We believe the majority view is persuasive, but the facts of this case do not require us to decide that question.

■ Within two years of the accident, Houston sued the USPS, Joseph Howard, and the United States in state court. Houston then timely filed an FTCA administrative claim. After the April 26, 1978 denial of this claim, Houston had six months to file suit against the United States. However, Houston has never filed suit in federal court. Nor did he serve process on any of the defendants in his premature state suit until *almost two years* after the administrative denial. In short, Houston did nothing between the time that the USPS denied his claim and the expiration of the six-month limitations period.

Houston proffers three arguments to extricate himself from this predicament. First, relying on *Staple* and *Kelley,* he argues that his claim against the United States is not subject to the six-month limitations period in section 2401(b). However, for the reasons given in Part I, we have rejected *Staple* and *Kelley.* Second, Houston distinguishes cases, such as *Henderson* and *Meeker,* dismissing claimants who failed to file an administrative claim by pointing out that he did file an administrative claim. Apparently we are to believe that these cases do not apply to Houston. This reasoning is unpersuasive. The FTCA either applies or not. If Houston was required to pursue his claim by the methods and in the time provided by the FTCA, as we held in Part I, then his compliance with the administrative exhaustion requirement does not excuse his failure to timely file suit. Halfway compliance with section 2401(b) is not enough.

Houston's third line of reasoning is that his state court suit tolls the six-month limitations period. For this proposition, he relies on *McGowan v. Williams,* 623 F.2d 1239, 1241 (7th Cir.1980). The Seventh Circuit held that a state suit against the driver and the government agency, timely commenced *after* administrative denial, complied with section 2401(b), even though the action was not removed to federal court, and thus the United States was not made a formal party, until the limitations period had expired. *See also Whistler v. United States,* 252 F.Supp. 913 (N.D.Ind.1966)

(pre–1966 amendments case; suit filed against individual in state court tolls statute as to United States). We need not decide whether *McGowan* states the proper rule, because it is distinguishable on two grounds.

First, in *McGowan* the driver "received proper notice of the plaintiff's action within the time limitation of Section 2401(b)." 623 F.2d at 1244. The court deemed this to be notice on the United States. *Id.* By contrast, Houston did not serve any defendant within the six-month limitations period. Second, unlike the plaintiff in *McGowan,* Houston is relying on a suit brought *before* he had exhausted his administrative remedies. No court could have tried his case then. *Cf. Reynolds v. United States,* 748 F.2d 291, 293 (5th Cir.1984) (holding that a tardy amendment naming the United States as defendant in an FTCA claim could not confer jurisdiction on the court even if the amendment related back to the time suit was commenced because that suit had been filed prior to administration exhaustion).

■ This latter distinction is especially important. Had the United States been served with process in Houston's state suit, it no doubt would have removed the case to federal court, where the judge would have had to dismiss the case for lack of jurisdiction. *See* L. Jayson, *supra* § 175.03[2], at 6–26. This is so because the statute granting exclusive federal jurisdiction to hear tort claims against the United States, 28 U.S.C. § 1346(b), is expressly subject to the provisions of the FTCA, and Houston had not exhausted his administrative remedies, as required by section 2675(a), at the time he commenced his state suit. *Reynolds,* 748 F.2d at 292. Like the federal court, the Louisiana court could not have adjudicated Houston's claim. The state courts have no jurisdiction to hear even properly exhausted tort claims against the United States. 28 U.S.C. § 1346(b) (vesting exclusive jurisdiction over FTCA cases in the federal courts). The state court also could not have adjudicated Houston's claim against the driver or the USPS because Houston's exclusive remedy was against

the United States. 28 U.S.C. § 2679(b). Thus, Houston's state court suit served only to toll the Louisiana limitations period for any later claim to be brought against Howard in the event that he was not acting within the scope of his employment. *See* note 2, *supra.* At the time it was filed, the suit itself could not have been the vehicle for recovery from the United States. The mere pendency of this defective suit during the six-month limitations period, a suit the United States was not formally notified of until much later, did not begin an action under section 2401(b).[5]

Houston relies on a purported absence of prejudice to the government in defending this suit, as well as asserted equities in his favor. However, these factors are not sufficient to overcome the government's immunity to suit. *Cf. Childers v. United States,* 442 F.2d 1299, 1303 (5th Cir.) (holding against plaintiff whose suit after administrative denial was untimely because confusion at the law firm representing plaintiff caused the denial letter to be filed without ever having been read), *cert. denied,* 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971). Only by carefully averting the pitfalls of the FTCA can a tort plaintiff bring the federal government into court, and Houston stumbled on the six-month limitations period.

### Conclusion

"The United States has the right to define the conditions under which it will be sued." *Meeker,* 435 F.2d at 1221. Having failed to meet one of those conditions, Houston's claim must be dismissed because the district court had no jurisdiction to hear it. The judgment must be reversed and the case dismissed.

REVERSED.

---

**5.** The result might be different in a case where plaintiff has filed a premature suit against the driver in federal court based on diversity jurisdiction, and then amended his suit to name the United States within the six-month limitations period. The formal ritual of refiling would arguably serve no practical purpose. In dictum, the Third Circuit has suggested that jurisdiction would be established in those circumstances. *Morano v. U.S. Naval Hospital,* 437 F.2d 1009, 1011 (3d Cir.1971). We do not reach the question of whether *Reynolds* forecloses a finding of jurisdiction in those circumstances. *Cf. Edwards v. United States,* 755 F.2d 1155 (5th Cir. 1985) (adding United States as party and effecting service on it within six months is sufficient where suit, though not premature, did not initially name United States).

In this case, it also *might* be arguable that if the United States had been served in the six months after the administrative denial, and had removed the case to federal court within that time, an action would have timely commenced under section 2401(b) even though the original state suit was premature. Such a theory *might* even extend to a possibly colorable assertion of jurisdiction if the United States, served in the six months after administrative denial, deliberately "sandbagged" plaintiff by waiting until the limitations period expired before removing the case. We do *not* suggest answers to these questions but rather leave their resolution for another day because the facts of this case do not require us to answer them. We *strongly emphasize,* however, that in FTCA (and FDA) cases prudent plaintiffs will always institute a fresh suit against the United States in federal court sometime in the six months that follow the administrative denial.