**BRADLEY Stephen G., Sr., and Bradley, Stephen M., Jr. and Bradley, Regina and Bradley, Timothy**

v.

**UNITED STATES.**

No. 88–1217.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6)
May 4, 1989.

Decided May 17, 1989.

E. William Hevenor, Rosengarten & Richmond, Philadelphia, Pa., for appellants.

Susan Dein Bricklin, Asst. U.S. Atty., Michael M. Baylson, U.S. Atty., U.S. Attorney's Office, Philadelphia, Pa., for appellee.

On Remand from the Supreme Court of the United States

Before SLOVITER, GREENBERG, and COWEN, Circuit Judges.

PER CURIAM.

This matter is before this court on remand from the Supreme Court, ——— U.S. ———, 109 S.Ct. 1634, 104 L.Ed.2d 150. In our opinion of September 9, 1988, we affirmed a summary judgment of the district court entered on February 29, 1988 in favor of the government dismissing this action brought against the United States by Stephen G. Bradley, Sr., Stephen M. Bradley, Jr., Regina Bradley and Timothy Bradley on the ground that timely notice had not been given the government as required by the Federal Tort Claims Act. *Bradley v. United States*, 856 F.2d 575 (3d Cir.1988). *See* 28 U.S.C. §§ 2401(b), 2675(a). We subsequently denied the Bradleys' petition for rehearing in banc.

Thereafter the Bradleys filed a petition for a writ of certiorari in the Supreme Court. The Acting Solicitor General filed a brief in response to the petition pointing out that the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100–694, 102 Stat. 4563, effective November 18, 1988, and enacted after we denied rehearing, amended 28 U.S.C. § 2679 "to change the rules governing tort claims such as this." Under the amendment a claim such as that of the Bradleys will be deemed timely if the United States is substituted as the defendant and the action is dismissed for failure first to present a claim in accordance with 28 U.S.C. § 2675(a), provided the claim would have been timely had it been filed on the date the underlying civil action was commenced and the claim is presented to the appropriate federal agency within 60 days after dismissal of the civil action. Pub.L. No. 100–694, § 6, 102 Stat. 4565.

The Acting Solicitor General indicated, however, that while the 1988 act applied to pending cases, the Bradleys "were not able to file an administrative claim that would be deemed timely filed ... because the district court dismissed their complaint more than 60 days before the amendment was enacted." He therefore suggested:

> We believe that Congress generally intended to allow persons such as petitioners to file administrative claims that would be deemed timely. This case in its present posture fails to qualify solely because of the highly unusual circumstance that it was on appeal, rather than in the district court, when the Act was enacted—a situation we think Congress failed to deal with only through inadvertence. We therefore suggest that this Court vacate the judgment below and remand with instructions that the district court enter a new judgment of dismissal. Petitioners could then file an administrative claim that would be deemed timely under amended Section 2679(d). Brief at 5.

On April 3, 1989 the Supreme Court granted the Bradleys' petition for a writ of certiorari, vacated our judgment and remanded the matter to this court "for fur-

ther consideration in light of the position presently asserted by the Acting Solicitor General." —— U.S. ——, 109 S.Ct. 1634, 104 L.Ed.2d 150 (1989). We in turn by letter asked the parties if they would object to the entry of an order vacating the judgment of the district court and remanding the matter to that court for entry of a new order of dismissal. The parties in their responses agreed with that procedure.

In view of the aforesaid, we will vacate the order of the district court entered February 29, 1988 and will remand the matter to that court for entry of a new order dismissing the action without prejudice.