**Gabriele H. JACKSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. Nos. 92–B–47, 91–B–1994.**

United States District Court, D. Colorado.

April 27, 1992.

Frank Plaut, Plaut, Lipstein, Cohen, P.C., Lakewood, Colo., for plaintiff.

Chalk S. Mitchell, Asst. U.S. Atty., Denver, Colo., Roger D. Einerson, Asst. Director, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant moves to dismiss for lack of subject matter jurisdiction, contending that plaintiff has not complied with the administrative claim requirement of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675(a). The motion was heard on April 24, 1992. Because this action is now subject to all the limitations of the FTCA, the motion to dismiss is granted.

Plaintiff instituted this action in Colorado state court against Gary Neuger, a psychologist employed by the U.S. Army.

Plaintiff alleges that while treating her as his patient, Neuger took advantage of the relationship by having sexual intercourse with her. Additionally, she alleges that Neuger engaged in other unspecified conduct in the course of her treatment which caused harm to her. Plaintiff brings claims for negligence, breach of fiduciary duty, outrageous conduct, and punitive damages.

Acting under 28 U.S.C. § 2679, the United States removed this action here and moved to substitute itself for Neuger as defendant. Because the attorney general's designee certified that Neuger was acting within the scope of his employment with respect to the conduct alleged in the complaint, I granted the government's motion to substitute. *See, Jackson v. Neuger,* 783 F.Supp. 558 (D.Colo.1992). In that opinion, I ruled that the attorney general's certification was conclusive for all purposes and that the United States was estopped from asserting any defense to the contrary.

Now, the United States moves to dismiss, arguing that plaintiff has failed to file an administrative claim and, therefore, this court lacks subject matter jurisdiction. Plaintiff contends that she need not submit an administrative claim because this action was not instituted against the United States.

 The law is clear that, after substitution of the United States as defendant, the action shall be deemed to be one brought under the FTCA and shall be subject to limitations and exceptions applicable to FTCA actions. 28 U.S.C. § 2679(d)(2) and (4). One such limitation is contained in § 2675(a), which provides:

> An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate federal agency and his claim have been finally denied by the agency in writing....

Failure to comply with this requirement divests district courts of subject matter jurisdiction over the claim. *Lurch v. United States,* 719 F.2d 333 (10th Cir.1983), *cert. denied,* 466 U.S. 927, 104 S.Ct. 1710,

80 L.Ed.2d 182 (1984). Moreover, the procedures established pursuant to the Act must be strictly construed inasmuch as the Act constitutes a waiver of sovereign immunity. *Three–M Enterprises, Inc. v. United States*, 548 F.2d 293, 295 (10th Cir. 1977).

■ Plaintiff argues that an action brought in state court against an individual is not "instituted against the United States" and, therefore, § 2675 does not require exhaustion of administrative remedies. At first blush, this argument seems in line with the plain meaning of § 2675. *See, Staple v. United States*, 740 F.2d 766, 768 (9th Cir.1984); *Kelley v. United States*, 568 F.2d 259, 264 (2d Cir.), *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978). However, the majority of circuits do not read § 2675 so simply. Rather, these cases hold that a plaintiff cannot avoid the procedural requirements of the FTCA merely by suing the individual federal employee rather than the United States. *See e.g., Houston v. Postal Service*, 823 F.2d 896, 900 (5th Cir.1987), (collecting cases). Because an FTCA suit against the United States is the exclusive remedy for a tort committed by a federal employee within the scope of his employment, *Houston* reasoned that a plaintiff should not be rewarded for suing the wrong defendant. *Id. See also, Bradley v. United States*, 856 F.2d 575, 578 (3rd Cir.1988), *vacated on other grounds*, 490 U.S. 1002, 109 S.Ct. 1634, 104 L.Ed.2d 150 (1989), *on remand*, 875 F.2d 65 (3rd Cir.1989), ("[W]e think it would be extraordinary if a plaintiff could improve his procedural position by bringing his action against the wrong party").

Plaintiff, nevertheless, argues that dismissal would be unfair here because no reasonable plaintiff would have suspected that the attorney general would certify Neuger's alleged conduct as within the scope of his employment. The *Houston* court recognized this quandary in which a plaintiff may find himself if he has no reason to suspect that the individual tortfeasor is a government employee.

> An unsuspecting plaintiff will sue only the individual driver and have no reason to pursue the requisite administrative remedies. Then, after the two year limitations period has expired, the government may certify that the individual was acting in the scope of his employment, remove the case, and procure dismissal on the ground that plaintiff must first seek administrative relief. By that time, it is too late for such relief and plaintiff is left without a remedy. Apprehension of such "sandbagging" underlies *Kelley*'s holding. . . .

*Id.* at 901.

Likewise, there is great potential for sandbagging when the government exercises its unilateral and conclusive power to issue a scope of employment certificate. A diligent plaintiff can usually determine within two years whether the tortfeasor is a government employee. However, even the most diligent plaintiff cannot predict whether and when the attorney general will issue a scope of employment certificate. Indeed, this case illustrates the point perfectly. No reasonable plaintiff could have or should have known that the attorney general would certify that sexual intercourse between a patient and her treating psychologist was in the scope of the psychologist's employment.

However, Congress provided a mechanism to protect a plaintiff in this situation. In the 1988 Westfall amendments, Congress added § 2675(d)(5) which provides:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—

> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

> (B) the claim is presented to the appropriate federal agency within 60 days after dismissal of the civil action.

Moreover, for claims accruing, such as the one here, before the enactment of the Westfall amendments on November 18, 1988, a subsequent administrative claim

filed within 60 days of dismissal shall be deemed timely presented if the underlying civil action was timely filed under state law. P.L. No. 100–694 § 8(d). Therefore, plaintiff does not lose her remedy if her original state court action was timely under Colorado law and she files an administrative claim within 60 days of this dismissal. *See, Filaski v. United States,* 776 F.Supp. 115, 117 (E.D.N.Y.1991); *Egan by Egan v. United States,* 732 F.Supp. 1248, 1253–54 (E.D.N.Y.1990).

Accordingly, IT IS ORDERED THAT:

(1) Defendant's motion to dismiss is GRANTED; and,

(2) Civil Action No. 92–B–47 is DISMISSED without prejudice.