UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50269
_____


DAVID JOHNSTON, Individually and as
representative of the estate of
Richard J. Johnston; GLORIA JOHNSTON,

                              Plaintiffs - Appellants,

                    versus

UNITED STATES OF AMERICA,

                              Defendant - Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas
_____

March 11, 1996

Before POLITZ, Chief Judge, JONES and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This is a wrongful death suit brought under the Federal Tort Claims Act ("FTCA").  28 U.S.C. § 1346(b).  The plaintiffs appeal the dismissal of their lawsuit for lack of subject matter jurisdiction.  Because as a matter of substantive state law the plaintiffs do not have a cause of action under Texas law, we must affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 1990, Richard Johnston had coronary artery bypass surgery at Brooke Army Medical Center.  Dr. Greg Bowman was the

primary surgeon. Following surgery, Johnston experienced respiratory difficulty requiring use of a respirator. On June 19, 1990, a fluoroscopy of Johnston's diaphragm suggested that he had a condition called bilateral phrenic nerve apraxia as a result of injury to his phrenic nerve.[1] Dr. Bowman told Johnston's wife, Gloria Johnston, that her husband's phrenic nerve had been damaged in the earlier surgery and that treatment would be necessary at a different facility. On July 11, 1990, Johnston was transferred to Ven-Care South Texas Hospital. At Ven-Care, Johnston developed pneumonia and died on July 18, 1990.

On July 17, 1992, one day shy of the two-year anniversary of Johnston's death, his son, David Johnston, filed an administrative claim with the Government. Subsequently, Gloria and David Johnston sued the Government under the FTCA alleging medical malpractice by the physicians at Brooke Army Medical Center. Prior to trial, the Government moved to dismiss the suit for lack of subject matter jurisdiction on the grounds that the medical malpractice claim accrued, at the latest, on July 11, 1990.[2] As such, the Government maintained the Johnstons' claim was barred by the two-year FTCA statute of limitations. The district court agreed and dismissed

---

[1] The phrenic nerve is the nerve that stimulates movement in the diaphragm. A diagnosis of "bilateral phrenic nerve apraxia" indicates that the phrenic nerve was injured resulting in inability to use the diaphragm to pump oxygen in and out of the lungs.

[2] The Johnstons also argue on appeal that the Government's motion to dismiss for lack of subject matter jurisdiction was untimely under the district court's scheduling order. This point is meritless. It is well-settled that subject matter jurisdiction can be raised at any time or even sua sponte by the court. FTCA time limitations are jurisdictional. Houston v. United States Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987).

2

the suit.  This appeal ensued.

DISCUSSION

Congress enacted the FTCA as a limited waiver of the sovereign immunity of the United States.  United States v. Kubrick, 444 U.S. 111, 117-18 (1979).  Subject to some exceptions, the United States is liable in tort for certain damages caused by the negligence of any employee of the Government "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b). Liability of the United States under the FTCA arises only when the law of the state would impose it.  Johnson v. Sawyer, 47 F.3d 716, 727 (5th Cir. 1995) (en banc).  If substantive state law recognizes a cause of action, federal law determines when that claim accrues. Quinton v. United States, 304 F.2d 234, 235 (5th Cir. 1962).  A two-year statute of limitations from the accrual date then applies for FTCA claims.  28 U.S.C. § 2401(b).

Applying this rubric, the Johnstons contend that the district court erred in dismissing their timely-filed suit.  Initially, they argue that they have a wrongful death claim under Texas law. Noting that federal law, rather than state law, controls accrual, the Johnstons posit that their wrongful death action accrued at death.  Consequently, the FTCA two-year statute of limitations began to run on July 18, 1990, the date of Richard Johnston's death.  Accordingly, their claim was timely because it was filed on July 17, 1992.  The Johnstons contend that the district court erred because it improperly applied Texas state law when it held that their claim accrued prior to Richard Johnston's death.  The

3

Johnstons, citing authority from other circuits,[3] ask us to hold that, as a matter of federal law, a wrongful death claim accrues only at death.

We do not reach the issue of when a properly asserted wrongful death claim accrues because this appeal resolves at an analytically earlier stage. As a threshold matter, this FTCA claim is viable only if Texas state law provides the Johnstons with a cause of action. The premise of the Johnstons' argument is that they have a wrongful death cause of action. Texas state law, however, is to the contrary.

Texas does have a wrongful death statute. See Tex. Civ. Prac. & Rem. Code Ann. §§ 71.001-.011 (West 1986). It provides a statutory cause of action for damages arising from a negligently inflicted injury that causes an individual's death. Id. § 71.002. This cause of action may be brought by the surviving spouse, children or parents. Id. § 71.004. Texas law further provides that a two-year statute of limitations exists for a wrongful death claim and that such a claim accrues on the death of the injured person. Id. § 16.003(b).

However, the existence of this statute does not mean that there is always a cause of action to accrue. A wrongful death action in Texas is purely a derivative suit. The Texas Wrongful

---

[3]    See Fisk v. United States, 657 F.2d 167, 170 (7th Cir. 1981) (holding that when a state statute creates an independent cause of action for wrongful death, it cannot accrue for FTCA purposes until death); see also Washington v. United States, 769 F.2d 1436, 1439 (9th Cir. 1985) (holding that FTCA claim accrued at death where decedent had been in a 14-year coma); Garrett v. United States, 640 F.2d 24, 26 (6th Cir. 1981) (holding that FTCA limitations runs from date of death, not when autopsy report is released).

4

Death Statute allows a cause of action "only if the individual injured would have been entitled to bring an action for the injury if he had lived." Id. § 71.003(a). The Texas Supreme Court specifically addressed the interplay between the derivative nature of the Wrongful Death Statute and the accrual date of such a claim in Russell v. Ingersoll-Rand Co., 841 S.W.2d 343, 348 (Tex. 1992).

In 1981, Russell was diagnosed with chronic pulmonary disease caused by on-the-job exposure to silica. Russell died in 1988. Within weeks of his death, his family filed a wrongful death suit. This lawsuit was dismissed on limitations grounds. The plaintiffs argued to the Texas Supreme Court that their wrongful death action could not accrue until death. The court rejected this argument:

> Section 16.003(b) sets the time when a wrongful death action accrues, if it exists. It does not, however, provide that there is always an action to accrue. The Wrongful Death Statute allows an action by a decedent's beneficiaries "only if the individual injured would have been entitled to bring an action for the injury if he had lived." Tex. Civ. Prac. & Rem. Code § 71.003(a). If a wrongful death action exists, it accrues, not when the decedent was injured, but at his death, and the limitations period on that action begins to run at death. But if a wrongful death action does not exist because the decedent could not maintain an action in his own right immediately prior to his death, for whatever reason, then no wrongful death action ever accrues. If a decedent's own cause of action were barred by governmental immunity, or statute, or release, or res judicata, or any other affirmative defense, there is no wrongful death action to accrue.

841 S.W.2d at 348. Thus, the Texas Supreme Court explains that, as a matter of substantive state law, if a decedent has no viable cause of action at the time of death, for whatever reason, then no wrongful death action exists.

5

Consequently, we must determine if Richard Johnston had a cause of action at the time of his death that his widow and son could later assert under the Texas Wrongful Death Statute and the FTCA. The Johnstons' claim is based upon allegations of medical malpractice stemming from the negligent severing of Richard Johnston's phrenic nerve during bypass surgery. It is undisputed that Johnston's surgeon, Dr. Bowman, told Gloria Johnston that the phrenic nerve was injured following the fluoroscopy on June 19, 1990. Additionally, Richard Johnston's course of treatment at Brooke Army Medical Center terminated on July 11, 1990 with his transfer to another facility.

Richard Johnston's claim, if any, was a health care liability claim as defined by Texas statute. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 1.03(a)(4) (West Supp. 1996). Such a claim must be commenced within two years from the breach or tort or from the date the medical or health care treatment that is the subject of the claim is completed. Id. § 10.01. Consequently, Richard Johnston's health care liability claim expired, at the latest, on July 11, 1992, two years after his treatment at Brooke Army Medical Center ceased.

Under the Texas Wrongful Death Statute, Gloria and David Johnston could only have the statutory state law claim that Richard Johnston had at the time of his death. Russell makes clear that if the decedent had no cause of action for whatever reason, including limitations, the decedent's heirs have no cause of action to assert under the statute. Because Richard Johnston had no cause of action after July 11, 1992, Gloria and David Johnston had none after such

6

date.  Thus, the Johnstons have no claim to assert under the FTCA.

CONCLUSION

Under Texas state law, the Johnstons did not have a wrongful death claim because the decedent's health care liability claim expired before his death.  As such, the issue presented is not one of accrual of a properly asserted wrongful death claim because there was no claim to accrue.[4]  In this case, the district court properly dismissed the claim for lack of subject matter jurisdiction.  We therefore AFFIRM.

---

[4]    The Texas Supreme Court has recently held that, despite the language of section 16.003 that wrongful death claims accrue at death, wrongful death claims premised on health care liability claims must accrue at the time of the alleged breach.  See Bala v. Maxwell, 909 S.W.2d 889, 892-93 (Tex. 1995).  We express no opinion on when a properly asserted wrongful death claim would accrue as a matter of federal law for FTCA purposes.  Such a circumstance could arise when a decedent had a cause of action under Texas law at the time of his death, but his survivors did not timely file suit alleging wrongful death until after the time allotted for filing a health care liability claim had he survived.

7