United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50346
Summary Calendar
_____

SYLVIA KNOHR WYATT; BARBARA KNOHR HURTADO,

Plaintiffs - Appellants,

versus

UNITED STATES OF AMERICA,

Defendant - Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-01-CV-86-OG
---------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Sylvia Knohr Wyatt and Barbara Knohr Hurtado appeal the
district court's dismissal of their Federal Tort Claims Act
(FTCA) action as time-barred. Appellants argue that the district
court erred in refusing to apply equitable tolling to their
claim. They argue that the court's reliance on Houston v. United
States Postal Service, 823 F.2d 896 (5th Cir. 1987) and United
States v. Kubrick, 444 U.S. 111 (1979), for the conclusion that
the statute of limitations in the FTCA is jurisdictional in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

nature was erroneous.  They argue that the doctrine of equitable tolling applies to their case because they were prevented by affirmative and fraudulent action on the part of the defendant from making the connection between their injury and the defendant's actions.  They argue that the district court erred in relying on the decision in Hohri v. United States, 586 F.Supp. 769 (D.D.C. 1984), affirmed, 847 F.2d 779 (Fed. Cir. 1988), in which the plaintiffs' claims arising out of their internment during WWII were held to be time-barred, because that case concerned Japanese-American internees.  They argue that unlike the Japanese, they were never made aware, either through published opinions or congressional reports, that the Government had concealed its role in their ordeal, and had misrepresented the military necessity for the treatment they received.  They contend that the report "Commission on Wartime Relocation and Internment of Civilians, Personal Justice Denied" (1982) did not report on the treatment of Latin Americans of German descent.  They argue that the statute of limitations was tolled until 1994, when they finally discovered that the United States caused them injury, and that their action was timely filed.

Although the district court, in its order adopting the magistrate judge's recommendation, noted Houston and Kubrick for the proposition that the statute of limitations in the FTCA is jurisdictional, the magistrate judge's report specifically acknowledged that equitable tolling could apply to FTCA cases,

but concluded that the circumstances in this case did not justify its application.  The district court found that the plaintiffs' claims accrued in 1982 when the Commission's report was published, but certainly no later than the publication of the Hohri decision in 1984.

The 1982 report, "Commission on Wartime Relocation and Internment of Civilians, Personal Justice Denied," in an Appendix, provides information concerning the detention and deportation of Japanese, German, and Italian internees from Latin America, including Costa Rica.  The report notes that some of these internees were held at Crystal City, Texas.  The plaintiffs were interned during the same period as the plaintiffs in Hohri, pursuant to similar policies, and were held in some of the same camps.  The district court correctly ruled that a "reasonable person would have been on notice long before 1994 that the United States Government was involved in [their] detention and subsequent transfer to Germany - or would have inquired further." The district court did not abuse its discretion in deciding that equitable tolling did not apply.  Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002).  As a result, this Court AFFIRMS the district court's judgment.

AFFIRMED.