UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1056

ALEXANDER ZENO; MELANIE RIVERA-RIVERA,

Plaintiffs - Appellants,

v.

THE UNITED STATES OF AMERICA; JOSE A. FUSTE; DANIEL R. DOMINGUEZ; CARMEN CONSUELO CEREZO; AIDA M. DELGADO-COLON; JUAN M. PEREZ-GIMENEZ; SALVADOR E. CASELLAS; JAY A. GARCIA-GREGORY; GUSTAVO A. GELPI; FRANCISCO A. BESOSA; JAIME PIERAS, JR.; RAYMOND L. ACOSTA; JUAN R. TORRUELLAS; JEFFREY HOWARD; JUAN MILANES; ANTONIO BAZAN; JOSE RUIZ; ROSA EMILIA RODRIGUEZ-VELEZ,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Chief District Judge. (8:09-cv-00544-DKC)

Argued: September 21, 2011            Decided: October 20, 2011

Before DUNCAN and AGEE, Circuit Judges, and Damon J. KEITH, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Alexander Zeno, Washington, D.C., for Appellants. Joseph Ronald Baldwin, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees. **ON BRIEF:** Rod J. Rosenstein, United States Attorney, Allen F. Loucks, Ariana

Wright Arnold, Assistant United States Attorneys, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Alexander Zeno ("Zeno") appeals from the district court's dismissal of claims brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), and state law. Because Zeno filed his FTCA claims after the expiration of the relevant statute of limitations, and because his state law claims are barred by collateral estoppel, we affirm.

I.

A.

Zeno is a criminal defense attorney who practices law primarily in Puerto Rico. He and his wife, co-appellant Melanie Rivera-Rivera, currently reside in Maryland. On June 4, 2007, the United States District Court for the District of Puerto Rico sanctioned Zeno. Consequently, he was suspended from the practice of law before that court for three months and from the court's Criminal Justice Act ("CJA") panel for fifteen months. Zeno appealed these sanctions to the United States Court of Appeals for the First Circuit, which affirmed. In re Zeno, 504 F.3d 64 (1st Cir. 2007).

B.

On November 27, 2007, Zeno filed suit pro se in the United States District Court for the District of Maryland against several federal judges from the District of Puerto Rico and the

3

First Circuit seeking injunctive relief and damages. Zeno claimed that the judges had abused their authority by sanctioning him and by withholding or delaying payments he was owed for representing CJA defendants. Zeno later added as defendants the United States Attorney and several Assistant United States Attorneys for the District of Puerto Rico. He alleged that the federal prosecutors had improperly interfered with Zeno's attorney-client relationship with a criminal defendant and that they had violated Zeno's privacy rights by requesting to inspect Zeno's financial records in connection with his representation of a different criminal defendant. Zeno amended his complaint a second time to include a private attorney from Puerto Rico, a Massachusetts state court judge, two Massachusetts clerks of court, and three bar counsel as defendants. We refer to this complaint as encompassing Zeno's state law claims.

The Maryland district court dismissed this complaint on July 28, 2008, for lack of personal jurisdiction and improper venue, and because suit against the federal defendants was barred by absolute and qualified immunity. Zeno appealed the decision to this court, but voluntarily dismissed that appeal on December 15, 2008.

While the decision in his first case was pending, Zeno filed an administrative tort claim with the Department of

4

Justice, seeking $17 million in damages under the FTCA based upon the same conduct described in his 2007 complaint (the "FTCA claims"). The Administrative Office of the United States Courts denied Zeno's claim in a letter dated August 20, 2008. The letter notified Zeno of his right to challenge the decision by bringing suit in a federal district court within six months of its mailing.

C.

On March 5, 2009, more than six months after notification of the administrative denial of his FTCA claims, Zeno filed the instant complaint in the District of Maryland. This suit included the same federal defendants as those named in the 2007 action. The complaint differed in only three ways: it added the United States as a defendant, it asserted jurisdiction under the FTCA, and it omitted the non-federal defendants. The district court dismissed Zeno's 2009 complaint, holding that it was barred by res judicata. In the alternative, the district court ruled that the state claims were barred by collateral estoppel and that the FTCA claims failed because they fell within the statute's exception for intentional torts.[1] See 28 U.S.C. § 2680. This appeal followed.

---

[1] We refer to the state law claims and the FTCA claims separately--even though they are based on the same enumerated
(Continued)

5

II.

The issues before us are whether Zeno's state claims are barred by the resolution of identical claims in the 2007 complaint, and whether we have subject-matter jurisdiction to hear his FTCA claims. We consider each of these issues in turn.

A.

We first consider appellant's argument that the district court erred by concluding that the repeated allegations from the 2007 complaint are barred from review. The district court held that res judicata barred the entire 2009 suit. Because we agree with the district court's alternative holding that collateral estoppel applies, we discuss only the latter issue.[2]

Collateral estoppel serves to "foreclose[] the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." In re Microsoft Corp. Antitrust Litig., 355 F.3d 322, 326 (4th Cir. 2004) (quoting Sedlack v. Braswell Servs. Group, Inc., 134 F.3d

---

causes of action--because they involve distinct concepts and must be analyzed differently.

[2] Similarly, we need not reach the issue of whether the state law claims against the federal defendants are barred by absolute or qualified immunity.

6

219, 224 (4th Cir. 1998)). The doctrine applies where "(1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." Id. at 326. We review a grant of collateral estoppel de novo. Tuttle v. Arlington Cnty. Sch. Bd., 195 F.3d 698, 703 (4th Cir. 1999).

The five considerations noted above all point in favor of finding collateral estoppel here. First, with respect to the state law claims, the issues before us are the same as those previously litigated in Zeno's 2007 suit. Specifically, the district court in the 2007 case determined that it did not have personal jurisdiction over the individual defendants and that venue in the District of Maryland was improper. In his 2009 complaint, Zeno named the same individual defendants and again filed in the District of Maryland--thus making the issues identical.

Zeno contends that the issues are not the same because filing under the FTCA corrected the jurisdictional problems present in his 2007 complaint. Because the FTCA confers

7

jurisdiction upon the United States district courts only for claims against the United States for money damages, see 28 U.S.C. § 1346(b)(1), this contention is incorrect with respect to the state law claims.

Turning to the second factor, the district court in the 2007 case resolved the issues now before us. The court first considered whether it could exercise personal jurisdiction over the defendants under any of the methods described in Federal Rule of Civil Procedure 4(k)(1) and concluded that it could not because none of the defendants had the required contacts with Maryland. It then analyzed whether venue was proper under 28 U.S.C. § 1391(a) and determined that it was not because the alleged conduct took place solely in Puerto Rico. Zeno v. Fuste, No. 07-3173 (D. Md. July 28, 2008).

Third, the resolution of these issues was critical to--in fact, completely supported--the district court's holding in the 2007 case. A district court may not adjudicate a dispute over which it lacks personal jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999). Further, a court is required to resolve threshold jurisdictional issues before considering the merits of a dispute. Sucampo Pharm., Inc. v. Astellas Pharm., Inc., 471 F.3d 544, 548 (4th Cir. 2006). Resolution of the issue of personal jurisdiction was therefore necessary to the judgment in the prior proceeding.

Fourth, it is undisputed that after Zeno voluntarily dismissed his appeal of the 2007 case, the district court's determination became final and valid.

Finally, Zeno had an opportunity to litigate these issues in the 2007 suit. The defendants were required to raise the threshold issues of personal jurisdiction and venue for the district court to consider them. The district court's opinion in the 2007 case indicated that Zeno had made arguments in support of his position. The court considered and rejected Zeno's contentions. As such, the issues were fully litigated in the 2007 case.

For these reasons, we agree with the district court that appellant should be collaterally estopped from relitigating the previously determined issues of personal jurisdiction and venue.

B.

We next consider whether the district court correctly dismissed Zeno's claims against the United States for lack of subject-matter jurisdiction under the FTCA. We review de novo a dismissal for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Evans v. B.F. Perkins, 166 F.3d 642, 647 (4th Cir. 1999).

The district court based its determination on the fact that Zeno alleges only intentional torts, which are expressly

9

excluded from the FTCA's coverage.  See 28 U.S.C. § 2680(h).  As set forth below, however, we affirm on a different ground.

Less than a week before oral argument, the government moved to dismiss on the ground that Zeno failed to meet the statutory deadline within which to file a claim under the FTCA.  See 28 U.S.C. § 2401(b).  Although we would have appreciated greater diligence on the part of the government, "a federal court has an independent obligation to investigate the limits of its subject-matter jurisdiction . . . even when the parties overlook or elect not to press the issue."  Liberty Univ., Inc. v. Geithner, --- F.3d ----, 2011 WL 3962915, No. 10-2347, at *4 (4th Cir. 2011) (internal quotations omitted). We therefore turn to a consideration of that issue.

"Absent a statutory waiver, sovereign immunity shields the United States from a civil tort suit."  Kerns v. United States, 585 F.3d 187, 193-94 (4th Cir. 2009).  The FTCA acts as such a waiver, but it "permits suit only on terms and conditions strictly prescribed by Congress."  Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990) (en banc). Congress's "limited waiver of sovereign immunity is conditioned upon the prompt presentation of tort claims against the government."  Id. at 742.

Section 2401(b) provides that a tort claim against the United States "shall be forever barred . . . unless action is

10

begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Failure to file a complaint within the limitations period typically warrants dismissal. See Gould, 905 F.2d at 742; accord Houston v. U.S. Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987) (holding that the requirements that a claimant file an administrative claim within two years and that he file suit within six months of its denial are both jurisdictional).

The record clearly reflects that appellant failed to meet the six-month deadline to challenge in federal district court the administrative denial of his tort claims against the government. Specifically, the final letter denying Zeno's administrative tort claims was dated August 20, 2008, and he did not file his second complaint in the District of Maryland until March 5, 2009. Because the date of filing was beyond the six-month limitations period and because Zeno does not assert any grounds for equitable tolling, we conclude that his claims under the FTCA are not properly before this court.

III.

For the foregoing reasons, the judgment of the district court is affirmed. This conclusion moots the need to rule independently on the government's late-filed motion to dismiss.

AFFIRMED