**Shirley A. SALAZAR, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, et al., Defendants.**

**Civ. A. No. 96–188–A.**

United States District Court, E.D. Virginia, Alexandria Division.

July 1, 1996.

Alan J. Cilman, Fairfax, Virginia, for plaintiff.

Helen F. Fahey, U.S. Attorney, Brian D. Miller, Assistant U.S. Attorney, Alexandria, Virginia, for defendants.

## MEMORANDUM OPINION

ELLIS, District Judge.

Essential to the disposition of this Title VII claim is whether such a claim may be

brought against the United States Postal Service ("Postal Service") in state court. If so, then the state court in which the action was originally filed had jurisdiction over the claim so that an amendment now to correct a misnomer would relate back to the state court filing, thereby rescuing the claim from the time bar of 42 U.S.C. § 2000e–16(c). But if there was no state court jurisdiction, then the amendment would not relate back to the date of the state court filing and the claim, even as amended to correct the misnomer, would be barred as untimely. Thus, the fate of this Title VII claim depends upon whether the Postal Service may be sued in state court for Title VII violations.

## I.

The facts relevant to the instant motion are undisputed and easily summarized. Plaintiff, Postal Service employee Shirley A. Salazar, alleges that she was assaulted by a co-worker, defendant Domingo Ballesteros, on January 26, 1995, while both were working at the Postal Service's facility in Merrifield, Virginia. Following the incident, Salazar was denied the opportunity to file an incident report and placed on leave without pay. Ballesteros, by contrast, was allowed to complete two incident reports and to resume his duties. Sometime thereafter, he was placed on administrative leave with pay. In his incident reports and the ensuing investigation, Ballesteros apparently painted himself as the victim of the January 26 altercation, with Salazar as the aggressor. Eventually, defendants Kenneth Croson (Salazar's supervisor), Peter Brownell (labor relations

specialist for the Merrifield facility), and Eugene Carter, III (plant manager of the Merrifield facility) decided that Salazar should be fired for her role in the incident,[1] and that Ballesteros should be allowed to return to work. Salazar also alleges that defendants effectively prevented witnesses from testifying against Ballesteros at his criminal trial arising from the January 26 incident by instructing the witnesses not to appear at the trial and by refusing to give them administrative leave from work to do so.

This suit by Salazar, originally filed in the Fairfax County Circuit Court on December 22, 1995, stems from the January 26, 1995 incident and from the defendants' subsequent reactions to it. Specifically, Salazar's complaint asserts six causes of action against defendants Ballesteros, Croson, Brownell, Carter, and the Postal Service: assault and battery (Count I), wrongful termination (Count II), defamation of character (Count III), discrimination (Count IV), obstruction of justice and conspiracy to obstruct justice (Count V), and declaratory relief that Salazar acted legally regarding the incident and should not be punished (Count VI).

On February 15, 1996, the United States filed a certification that defendants Croson, Brownell, and Carter were acting within the scope of their federal employment in connection with the events alleged in the complaint.[2] With respect to the tort claims, this certification had the effect of substituting the United States for the Postal Service[3] and the certified individual defendants. See 28 U.S.C. § 2679(d).[4] The United States

---

1. This decision was apparently reconsidered at some point, as Salazar was reinstated with full benefits and back pay on or around November 1995.

2. No certification was provided for defendant Ballesteros, presumably because the government denies that Ballesteros was acting within the scope of his federal employment with respect to the actions alleged in the complaint.

3. In her opposition to the government's motion to dismiss, Salazar apparently believes the certification had the effect of substituting the *U.S. Postal Service* for the certified individual defendants. This is incorrect; the proper defendant for the tort claims against the certified defendants should be the *United States. See* 28 U.S.C.

§ 2679(a); *see also Allgeier v. United States,* 909 F.2d 869, 871 (6th Cir.1990) (stating that United States, not Postal Service, is proper defendant under FTCA); *Valluzzi v. U.S. Postal Service,* 775 F.Supp. 1124 (N.D.Ill.1991); *Dilg v. U.S. Postal Service,* 635 F.Supp. 406 (D.N.J.1985); *McNair v. U.S. Postal Service,* 446 F.Supp. 1156 (C.D.Cal. 1978); *Grasso v. U.S. Postal Service,* 438 F.Supp. 1231 (D.Conn.1977); *Kornbluth v. Savannah,* 398 F.Supp. 1266 (E.D.N.Y.1975) (same).

4. Certification under 28 U.S.C. § 2679(d) may only be temporary, as it may be challenged and subjected to district court review. *Gutierrez de Martinez v. Lamagno,* —— U.S. ——, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995). Salazar has not challenged certification here.

then removed the suit to this Court and, in a motion to dismiss filed shortly thereafter, challenged the Court's subject matter jurisdiction. Specifically, the government argued that the action must be dismissed (i) as to the United States because Salazar has not exhausted her administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.,* and (ii) as to the Postal Service because she did not file her Title VII claim within the prescribed statute of limitations. *See* 28 U.S.C. § 2675 (FTCA administrative complaint requirement); 42 U.S.C. § 2000e–16(c) (ninety-day limitations period for Title VII suit). The Court agreed with the government's first argument, and by Order dated May 3, 1996, dismissed Salazar's tort claims without prejudice to give Salazar an opportunity to exhaust her administrative remedies with respect to those claims. *See Salazar v. Postal Service, et al.,* C.A. No. 96–188–A (Order, May 3, 1996). The Court also dismissed Counts V and VI with prejudice, finding that there is no cause of action for obstruction of justice under Virginia civil law and that the declaratory relief count failed to state a claim. *Id.* Finally, the Court's May 3 Order dismissed Count IV against defendants Croson, Brownell, and Carter because they were not statutory employers under Title VII. *Id.*

After directing plaintiff and the government to submit further memoranda on the issues raised by the Postal Service's motion to dismiss the Title VII claim against it, the Court dismissed this claim (Count IV) as well. *See Salazar v. Postal Service, et al.,* C.A. No. 96–188–A (Order, May 15, 1996). Thereafter, the Court *sua sponte* vacated its Order of May 15, directing the parties to submit further memoranda and to reappear for oral argument on the Title VII issues. *See Salazar v. Postal Service, et al.,* C.A. No. 96–188–A (Order, May 23, 1996). The parties did so, and the matter is accordingly ripe for disposition.[5]

## II.

■ Title VII is the exclusive judicial remedy for claims of discrimination in federal employment. *Brown v. General Serv. Admin.,* 425 U.S. 820, 828–29, 96 S.Ct. 1961, 1965–66, 48 L.Ed.2d 402 (1976). This remedy, however, comes with a procedural price: plaintiffs suing a federal agency for employment discrimination must follow a procedural path prescribed by the statute. If the path is not properly followed, a court may not assume jurisdiction, and Title VII relief is not available. *Davis v. North Carolina Dep't of Correction,* 48 F.3d 134, 137 (4th Cir.1995); *see also Tietgen v. Brown's Westminster Motors, Inc.,* 921 F.Supp. 1495, 1497 (E.D.Va. 1996). One of the mandatory steps along this procedural path is naming the proper defendant. Title VII specifically requires that "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c). When she filed her state court action, Salazar failed to follow this mandatory step; she incorrectly named the Postal Service as defendant. To comply with the statutory requirement, she should have named Postmaster General Marvin Runyon. The question thus becomes whether this error is fatal or remediable.

At first blush, curing a misnomer of this sort seems simple enough: Salazar need only amend her complaint to substitute Runyon for the Postal Service in Count IV, the Title VII claim. Yet, the misnomer cure is not so simple here, for Title VII's limitations period—which requires that suit be brought within ninety days of an employee's receipt of a right-to-sue letter—expired on December 31, 1995. *See* 42 U.S.C. § 2000e–16(c) (setting ninety-day limitations period). Accordingly, an amended complaint filed now would be time-barred unless the amendment related back to the December 22, 1995 state court filing date.

■ Rule 15(c), Fed.R.Civ.P. was designed to remedy precisely this type of situation by providing an avenue of relief for a plaintiff who must amend her complaint outside the applicable limitations period. *See Cannon v.*

---

5. With respect to defendant Ballesteros, the May 3 Order indicated that the if the Title VII claim remained alive, the claims against Ballesteros would be dismissed without prejudice to permit plaintiff to refile them in state court; if, on the other hand, the Title VII claim were dismissed, the claims against Ballesteros would simply be remanded to the state court.

*Kroger Co.,* 837 F.2d 660, 667 n. 14 (4th Cir.1988). Thus, in appropriate circumstances, this rule permits a plaintiff to obtain the benefit of her original filing date for an amended complaint, thereby avoiding a time bar or limitations problem. This is the so-called "relation back" feature of Rule 15. Specifically, an amended complaint changing the name of the party against whom a claim is asserted relates back under Rule 15 if two conditions are satisfied. First, the claim asserted in the amended pleading must spring from the same conduct, transaction, or occurrence set forth in the original pleading. Rule 15(c)(2), Fed.R.Civ.P. Second, the party sought to be added by the amendment (a) must have received notice of the action within the 120–day period allotted by Rule 4(m) for service of the summons and complaint, and (b) must have known, actually or constructively, that the action would have been brought against him in the first instance were it not for a mistake concerning the identity of the proper party. Rule 15(c)(3), Fed.R.Civ.P.

■■ It appears that Salazar has satisfied both Rule 15 "relation back" conditions. As to the first condition, the proposed amended complaint plainly involves the same alleged conduct. As to the second, it is equally plain that the Postmaster General, as head of the agency sued, knew about the suit within 120 days of its filing, because his agency was preparing to defend it.[6] And he also certainly should have known that he, in his official capacity, was the proper defendant in Salazar's Title VII claim.

■ Yet, the relation back analysis does not end here, for satisfying the Rule 15(c) conditions does not lead automatically to application of the earlier state court filing date. For this to occur, one more condition must be met. It is axiomatic that the Rule's relation back doctrine only operates to give a plaintiff the benefit of an earlier filing date if

the court in which the matter was first filed had jurisdiction over the matter at that earlier date. Put another way, the Rule and its relation back doctrine cannot confer jurisdiction where none existed before. *See, e.g., Houston v. U.S. Postal Service,* 823 F.2d 896 (5th Cir.1987) (rejecting argument that filing FTCA action in state court tolled statute of limitations because state court could never have adjudicated FTCA claim); *Reynolds v. United States,* 748 F.2d 291, 293 (5th Cir. 1984) (holding that tardy amendment naming United States as FTCA defendant could not confer jurisdiction on court even if amendment related back to time suit was instituted because suit had been filed prior to administrative exhaustion).[7] Thus, here, Salazar may amend her complaint and obtain the benefit of her original state court filing date only if the state court had jurisdiction over the action at that time.

The Postal Service argues strenuously that the state court did not have jurisdiction because federal employees may not bring Title VII suits against federal employers in state court. Salazar, for her part, counters with the assertion that 39 U.S.C. §§ 401 and 409 explicitly provide that the Postal Service may be sued in state court, and that Title VII in no way limits this statutory grant of jurisdiction. Resolution of this dispute determines whether Salazar may obtain the benefit of Rule 15's relation back doctrine, and thus whether her Title VII claim survives this motion to dismiss.

### III.

■ The question whether the Postal Service may be sued in state court under Title VII has apparently never been addressed in this circuit or elsewhere. A search for the answer to this novel question must begin with the pertinent statutory language. The Title VII section prescribing the route to judicial relief for aggrieved federal employ-

---

6. As the Supreme Court has noted, "[t]imely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party." *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2383, 91 L.Ed.2d 18 (1986). It is difficult to imagine parties more closely related than a

federal agency and the agency's head, sued in his official capacity.

7. Of course, this rule does not apply where the only defect preventing jurisdiction as originally filed is the misnomer. *See, e.g., Portis v. Department of the Army,* 117 F.R.D. 579 (E.D.Va.1987).

ees is 42 U.S.C. § 2000e–16(c), which states that an employee may file a civil action "as provided in section 2000e–5 of this title." With respect to jurisdiction, § 2000e–5 then states only that federal district courts "shall have jurisdiction" over actions brought pursuant to Title VII. 42 U.S.C. § 2000e–5(f)(3). Significantly, the provision does not specify *exclusive* federal jurisdiction. Nor is there anything else in Title VII that explicitly provides for exclusive federal court jurisdiction or otherwise forecloses the possibility of a Postal Service employee pursuing a Title VII remedy in state court. And, indeed, the Supreme Court has unequivocally stated that § 2000e–5(f)(3) does not confer *exclusive* federal jurisdiction, and that at least some Title VII actions may be brought in state court. *See Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). To be sure, that case involved a Title VII action against a private employer, and the government understandably seeks to distinguish the decision on that ground and to limit its application to the facts there presented. Yet, in *Yellow Freight,* a unanimous Supreme Court construed the same jurisdictional clause—section 2000e–5(f)—that applies to Title VII suits against the federal government. And nothing in the language or reasoning of *Yellow Freight* limits its holding to suits against private employers.[8]

■■■ Of course, this does not mean that *Yellow Freight* authorizes Title VII suits against federal employers in state court. It does not. *Yellow Freight* simply holds that nothing in Title VII itself precludes such suits. What does ordinarily preclude such suits is sovereign immunity. No federal entity may be sued in any court absent an explicit waiver of sovereign immunity to such suits. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Accordingly, whether the Postal Service in particular may be sued in state court under Title VII depends on whether such a waiver exists for the Postal Service.[9] It does. In 39 U.S.C. §§ 401 and 409, part of the 1970 Postal Reorganization Act, Congress enacted a general waiver of the Postal Service's immunity to suit, in both state and federal courts. Thus, this statute states that "[e]xcept as provided in [the Federal Tort Claims Act], the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a); *see also Loeffler v. Frank,* 486 U.S. 549, 554–55, 108 S.Ct. 1965, 1968–69, 100 L.Ed.2d 549 (1988) (holding that "sue-and-be-sued" clause of 39 U.S.C. § 401 constitutes general waiver of Postal Service's sovereign immunity).

Significantly, nothing in Title VII limits the scope of this waiver with respect to state court jurisdiction. *Loeffler v. Frank,* while not directly in point, is instructive here. In *Loeffler,* the Supreme Court held that the Postal Service's "sue-and-be-sued" provision (§ 401) was a general waiver of sovereign immunity, and therefore that prejudgment interest was available in a Title VII suit against the Service. *Loeffler,* 486 U.S. at 552–65, 108 S.Ct. at 1967–75. En route to this holding, the Supreme Court flatly rejected the argument that Title VII may be con-

---

8. Indeed, the opinion seems to paint with a broad brush:

> To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction.

*Yellow Freight,* 494 U.S. at 823, 110 S.Ct. at 1568. Thus, the Supreme Court found "no reason to question the presumption that state courts are just as able as federal courts to adjudicate Title VII claims," even though it did not

> disagree[ ] with petitioner's persuasive showing that most … who have been involved in the enactment, amendment, enforcement, and interpretation of Title VII expected that such litigation would be processed exclusively in federal courts.

*Id.* at 826, 110 S.Ct. at 1570.

9. Plaintiff argues vigorously that the Court should find a waiver of sovereign immunity with respect to state court jurisdiction over Title VII suits from the uniquely independent, quasi-private nature of the Postal Service. This argument, however, adds nothing to the sovereign immunity analysis. *See, e.g., Library of Congress v. Shaw,* 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986) (waivers of sovereign immunity must be express, not implied). The quasi-private nature of the Postal Service is relevant to the sovereign immunity analysis only insofar as that nature is reflected in the general waiver of sovereign immunity found in 39 U.S.C. §§ 401 and 409.

strued to include an implied exception to the Postal Service's general waiver of sovereign immunity; instead, only express statutory conditions in Title VII could so limit the general waiver contained in the Postal Reorganization Act. *Id.* at 561–64, 108 S.Ct. at 1972–74.[10] Thus, *Loeffler* means that where Title VII is silent or neutral on a particular question, the more general sovereign immunity waiver (39 U.S.C. §§ 401, 409) provides the answer. If, by contrast, Title VII clearly speaks to the question, its answer prevails.

■ Here, Title VII does not speak to the question of state court jurisdiction.[11] And *Loeffler* teaches that, absent such a clear statement, there can be no limitation on the general waiver of sovereign immunity found in the Postal Reorganization Act. Accordingly, under 39 U.S.C. §§ 401 and 409, the state court had jurisdiction over Salazar's claim when it was filed. Thus, if she amends her complaint to name Marvin Runyon as the defendant, the relation back doctrine will allow her to obtain the benefit of the original state court original filing date and avoid the limitations bar. The motion to dismiss should be denied.

An appropriate Order shall issue.

---

10. Indeed, the Supreme Court recognized that Title VII does include explicit procedural or administrative prerequisites that serve to limit the Postal Service's general waiver of sovereign immunity. As the opinion notes,

> [h]ad § 717 (§ 2000e–16 of Title VII) explicitly stated that the cause of action it provided did not include prejudgment interest, such interest would be unavailable in this case.... Thus, although *petitioner's cause of action under § 717 is circumscribed by mandatory administrative prerequisites* that are distinct from the prerequisites for a civil suit brought against a private employer, a § 717 suit, *once com-*

*menced,* is delineated by the same provisions as a suit against a private employer.

*Id.* at 563–64, 108 S.Ct. at 1974 (emphasis supplied). The contemplated express conditions include, for instance, the requirements that a Title VII action against a federal employer be commenced against the head of the agency, and that it be commenced within ninety days of receipt of a right-to-sue letter. But as noted above, there is no express condition that a Title VII suit be brought in federal court.

11. Indeed, *Yellow Freight* confirms that federal court jurisdiction over Title VII suits is not exclusive.